

250 Vesey Street                wmhwlaw.com
27th Floor                     T: 212-335-2030
New York, NY 10281             F: 212-335-2040

May 4, 2026

**Via ECF**
Honorable Edgardo Ramos
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:    <u>Doe v. Carelon Behavioral Health</u>, 25 Civ. 3489 (ER)

Dear Judge Ramos:

We represent Plaintiffs in this putative class action, which alleges that Carelon Behavioral Health lies about the size of its provider network, resulting in what is known as a "ghost network."  We write to submit a proposed Case Management Plan and Scheduling Order (Ex. A), as directed by the Court at last week's April 28, 2026 conference.

The parties have conferred and agreed on all aspects of the Case Management Plan and Scheduling Order, with one important exception: Carelon has rejected language stating that "Per the Court's ruling on April 28, 2026, all discovery regarding Plaintiffs and the putative class shall proceed simultaneously" and is insisting that Plaintiffs move for class certification by November 8, 2026, approximately six months before the April 28, 2027 close-of-discovery date ordered by the Court.

Carelon is attempting to achieve the bifurcation of discovery that the Court explicitly rejected at last week's conference.  Indeed, at the conference, Carelon requested that discovery be bifurcated to prevent "full-blown merits discovery before class certification."  Ex. B at 8 (transcript of April 28, 2026 conference).  Your Honor denied that request and ordered the parties to "proceed to discovery without bifurcation."  *Id.* at 10.  Carelon's insistence that Plaintiffs move for class certification six months into the one-year discovery period is a transparent effort to circumvent this Court's order.[1]

As we explained last week, courts heavily disfavor bifurcation in part because there is no practical way to separate class discovery from merits discovery.  Ex. B at 9–10.  Requiring Plaintiffs to move for class certification halfway through discovery will allow Carelon to unilaterally determine which documents are relevant to class certification (and withhold the rest), thus inviting unnecessary discovery disputes and motion practice.

This Court regularly permits plaintiffs to move for class certification at or after the conclusion of discovery.  *See, e.g.*, *Brous v. Eligo Energy LLC*, 24 Civ. 1260 (ER), Dkt. 24, 304.  Moreover, no other ghost network case has required a plaintiff to move for class certification after only six

---

[1] This is even more apparent when one considers that, on April 22 (before the conference), Carelon proposed a bifurcated discovery schedule that allowed Plaintiffs to move for class certification in January 2027.  It was only *after* the Court denied Carelon's bifurcation request that Carelon demanded the November 2026 class certification deadline.

1

months of discovery.[2]

Plaintiffs therefore respectfully request that the Court endorse Plaintiffs' proposed order, attached as Exhibit A, which allows for their class certification motion to be filed at the close of discovery.[3] We thank the Court for its consideration and apologize that the parties could not reach agreement on this issue.

Respectfully submitted.

*/s/ Jacob Gardener*

Jacob Gardener
Samuel Rosh
Walden Macht Haran & Williams LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2965
jgardener@wmhwlaw.com
srosh@wmhwlaw.com

Steve Cohen
Andrea Nishi
Pollock Cohen LLP
111 Broadway, Suite 1804
New York, NY 10006
Tel: (646) 517-0542
scohen@pollockcohen.com
anishi@pollockcohen.com

*Attorneys for Plaintiffs*

---

[2] *See, e.g.*, *Wilson v. Centene Corp.*, 20-cv-484 (W.D. Tex.) (class certification motion filed approximately a year and a half after commencement of discovery); *Duff v. Centene Corp.*, 19-cv-750 (S.D. Ohio) (class certification motion filed approximately one year after commencement of discovery); *Havrilla v. Centene Corp.*, 22-cv-4126 (N.D. Ill.) (discovery began November 2022 and is still ongoing, and the parties have proposed to submit a briefing schedule for class certification upon the close of discovery, *see* Dkt. 156-1).

[3] Plaintiffs' proposed order is identical in all respects to Carelon's proposed order with the exception of paragraphs 14 and 15, which relate to bifurcation.