**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE as Mother of MINOR DOE, HANNAH LANDERER, and STEVEN MARKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARELON BEHAVIORAL HEALTH, INC.,<br><br>Defendant. | Case No. 25-cv-3489 |

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this action may be warranted. Accordingly, the parties to this action (collectively, the "Parties," and individually, a "Party") hereby stipulate to and move the Court for the entry of the following protective order pursuant to Federal Rule of Civil Procedure 26(c) and 45 C.F.R. § 164.512(e)(1) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in the above-captioned action ("Lawsuit"). Having read and considered the Parties' Motion, and finding good cause shown, the Parties' Motion is hereby [GRANTED]. The below provisions shall apply to all pretrial discovery in the Lawsuit.

## I. DEFINITIONS

### A. Designated Material

The term "Designated Material" shall mean any Discovery Material (as defined in Section I.D) designated by a Designating Party (as defined in Section I.C) as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Paragraphs

III.A to III.D below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations that reveal that information, shall be treated as and hereafter referred to as Designated Material.

**B. Confidential and Highly Confidential – Attorneys' Eyes Only**

1. "CONFIDENTIAL" comprises or contains information that (a) is not already in the public domain and (b) the Designating Party claims in good faith is necessary to protect the interests of information that (1) is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; (2) is subject to a contractual duty of confidentiality owed to a third party, or (3) constitutes PHI (as defined in Section I.J) of a Party, including, but not limited to (i) the past, present, or future physical or mental condition of Plaintiffs, (ii) the provision of care to Plaintiffs, and (iii) the payment for care provided to Plaintiffs.
2. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" comprises or contains information that (a) is not already in the public domain and (b) the Designating Party claims in good faith is necessary to protect the interests of information that constitutes (1) PHI (as defined in section I.J) of a Non-Party (as defined in Section I.F) or (2) extremely sensitive confidential or proprietary information such that there would be a real danger of significant prejudice to the Designating Party's business, personal, commercial, competitive, or financial interests if disclosed to persons other than those set forth in Section IV below and the risk of such harm could not be avoided by less restrictive means.

**C. Designating Party**

The term "Designating Party" shall refer to any Party or Non-Party that designates any

Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**D. Discovery Material**

The term "Discovery Material" shall mean any Document (as defined at Section I.E), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production and any documents produced in connection therewith, subpoenas, declarations, affidavits, letters, emails, deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

**E. Documents**

The term "Document" shall mean all writings, recordings, or photographic materials as described and defined in Local Civil Rule 26.3 and Rule 1001 of the Federal Rules of Evidence, including electronically stored information and data, whether produced or created by a Party or another person, and whether produced pursuant to Federal Rule of Civil Procedure 34, pursuant to a subpoena, by agreement, or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission(s), deposition testimony, and deposition exhibits. This Protective Order is not intended to, and shall not, expand, enlarge, or otherwise change any Party's obligations concerning the scope, limitations, and form of discovery as set forth in any Discovery Plan and Scheduling Order in the Lawsuit.

**F. Non-Party**

The term "Non-Party" shall refer to any person or entity not a named Party to the Lawsuit, including actual or potential class members who are not named Plaintiffs.

**G. Party**

The term "Party" shall refer to any named Plaintiff or Defendant in the Lawsuit.

**H. Producing Party**

The term "Producing Party" shall mean any Party or Non-Party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during the Lawsuit.

**I. Receiving Party**

The term "Receiving Party" shall mean any Party to the Lawsuit, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

**J. PHI**

The term "PHI" shall mean "protected health information" as defined under 45 C.F.R. §§ 160.103 and 164.501, which information includes, but is not limited to, health information that identifies an individual or contains information that could be used to identify an individual relating to the past, present or future medical or mental health condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, and has the same scope and meaning as set forth in the regulations promulgated pursuant to the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and applicable state laws and regulations. PHI shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, as well as any and all health plan subscriber, patient, or member identifiers.

## II. RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A. Scope

This Order shall encompass all Discovery Material produced during this Lawsuit except information that: (a) is lawfully in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party; (b) lawfully comes into the possession of the Receiving Party by means other than production by the Producing Party; or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order. This Order constitutes a Qualified Protective Order under 45 C.F.R. § 164.512(e) and is intended to comply with HIPAA, the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, and applicable state laws and regulations governing patient privacy and protecting healthcare information.

### B. Purpose

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit, and the information contained therein shall not be used or disclosed for any other purpose.

### C. Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D. Discovery from Non-Parties

Information sought or obtained from a Non-Party shall be treated as Designated Material if requested by the Non-Party. Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be accorded the same protection as the Parties' Designated Material and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Any Party may seek to challenge designations by a Non-Party after providing at least ten (10) business days written notice to the Non-Party and agreeing that it will not object to the Non-Party appearing in this Lawsuit for the limited purpose of seeking to preserve its requested designation.

## III. DESIGNATION OF DISCOVERY MATERIALS

### A. Limitation

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law.

### B. Exercise of Restraint and Care in Designating Material for Protection

Each Designating Party must take care to limit any such designation to the specific material that qualifies under the appropriate standards. Mass, blanket, indiscriminate, or routinized designations are prohibited. Designations that are shown to have been intentionally made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or the Designating Party withdraws a designation for any reason, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**C. Effectiveness of Designations**

The designation by any Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Designating Party withdraws the designation.

**D. Designation of Written Materials**

With respect to the designation of any Discovery Material other than deposition transcripts and exhibits, the Designating Party may designate by stamping or otherwise clearly marking the protected portion in a manner that will not interfere with legibility or audibility.

**E. Designation of Deposition Transcripts and Exhibits**

With respect to deposition transcripts and exhibits, a Designating Party may designate such portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either by (a) indicating on the record during the deposition that a question calls for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential [or Highly Confidential] Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the Designating Party. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "CONFIDENTIAL," with the exception of any portions that were designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**F. Timing of Designations**

If at any time prior to the trial of this action, a Producing Party realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such Producing Party may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

**G. Disputes Regarding Designations**

Any Party who objects to any designation may at any time serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. Counsel for the Designating Party must respond to the challenge within five (5) business days. If the Parties cannot reach agreement promptly, counsel for the Party objecting to the designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Any motion regarding designations must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith conference with the Designating Party in an effort to resolve the dispute without Court action. Until the Court rules on the challenge, all Parties shall treat the materials as required by the designations pursuant to the terms of this Order.

**IV. DISCLOSURE OF DESIGNATED MATERIALS**

**A.** All "covered entities" as defined by 45 C.F.R. § 160.103 are hereby authorized to disclose protected health information to counsel for the Parties. Prior to disclosing any protected health information to the Parties and their counsel, counsel shall inform the Parties that protected health information may not be used or disclosed for any purpose other than this Lawsuit.

**B.** Unless otherwise directed by the Court or authorized in writing by the Designating Party, Discovery Material designated as "CONFIDENTIAL" may not be disclosed to any other person whomsoever, except to:

a. the Parties to this action;

b. attorneys of record in this Action, in-house counsel for the Parties, and any attorneys retained by the Parties in this Action to consult regarding the Action, including their respective partners, associates, paralegals, legal assistants, and support personnel;

c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, to whom disclosure is reasonably necessary for this Lawsuit, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

d. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter to whom disclosure is reasonably necessary for this Lawsuit, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

e. as to any document, its author, its addressee(s), and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and to whom disclosure is reasonably necessary for this Lawsuit, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto and further provided that

if such person declines to sign such form, the Parties shall reasonably confer as to how to proceed and may, if unable to reach agreement, apply to the Court for direction;

g. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

h. stenographers engaged to transcribe depositions conducted in this Lawsuit to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A; and

i. this Court, including any appellate court, and the court reporters and support personnel for the same.

**C.** Unless otherwise directed by the Court or authorized in writing by the Designating Party, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to any other person, except to:

a. attorneys of record in this Action, in-house counsel for the Parties, and any attorneys retained by the Parties in this Action to consult regarding the Action, including their respective partners, associates, paralegals, legal assistants, and support personnel;

b. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, to whom disclosure is reasonably necessary for this Lawsuit, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

c. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

d. as to any document, its author, its addressee(s), and any other person indicated on the face of the document as having received a copy;

e. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A and further provided that if such person declines to sign such form, the Parties shall reasonably confer as to how to proceed and may, if unable to reach agreement, apply to the Court for direction;

f. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this Lawsuit, to the extent deemed necessary by counsel, to whom disclosure is reasonably necessary for this Lawsuit, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

g. stenographers engaged to transcribe depositions conducted in this action to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A; and

h. this Court, including any appellate court, and the court reporters and support personnel for the same.

**D.** Recipients of Designated Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this Lawsuit, and specifically (and by way

of example and not limitation) may not use Designated Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this Lawsuit.

**E.** Nothing in this Protective Order will prevent any person subject to it from producing any Designated Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person will (unless prohibited by law from doing so) provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before disclosure. This notice is intended to enable the Producing Party to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice.

**F.** Each person who has access to Designated Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a person who has access to Designated Material learns that, by inadvertence or otherwise, it has disclosed such material to any person or in any circumstance not authorized under this Order, it must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order, and (d) request that such person or persons execute the Non-Disclosure Agreement in the form annexed as Exhibit A.

**G.** Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained in a manner that is secure and confidential by the persons who receive such information and are bound by this Protective Order.

**H.** The Parties shall use reasonable care to designate PHI and PII in accordance with the terms of this Order. However, PHI shall maintain its confidential and protected status and shall be subject to the terms of this Agreement, regardless of whether it has been appropriately designated.

**I.** Designated Material, including excerpts therefrom, shall not be submitted or entered into a generative AI tool except in accordance with this subparagraph I. Designated Material or excerpts therefrom may only be submitted or entered into a closed generative AI tool that (a) is a paid, business-grade service; and (b) subject to contractual assurances that submitted data is not used for training, fine-tuning, or product improvement, and data retention is limited and subject to permanent deletion, including deletion of submitted content, outputs, and associated system logs. Before submitting any Designated Material to a closed generative AI tool, the Receiving Party must confirm that the tool meets these requirements. The Receiving Party shall ensure that all submitted data and outputs are permanently deleted at the close of the Lawsuit. Use of Designated Material with any generative artificial intelligence tool or platform that does not meet the requirements of this subparagraph I (*e.g.*, publicly accessible or non-closed tools like ChatGPT, Google Gemini, Microsoft CoPilot, or any substantially similar tool) or with any tool or platform that is not restricted to individuals entitled to view such Designated Material under the terms of this Order constitutes disclosure to a third party in violation of this Order.

## V. COURT PROCEDURES

**A.** Documents may be filed under seal only as provided in Rule 3 of Judge Ramos's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

**B.** Any Party filing a motion or any other papers with the Court under seal shall also

publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Designated Material itself, and not text that in no material way reveals the Designated Material.

**VI. MISCELLANEOUS**

**A.** This Protective Order shall survive the termination of the Lawsuit. Within 30 days of the final disposition of this action, all Designated Material and all copies thereof shall be promptly returned to the Producing Party or destroyed.

**B.** All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**C.** This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

**D.** Nothing herein shall be construed to affect in any way the evidentiary admissibility or relevance of any document, testimony, or other matter at any court proceeding related to this matter. Neither designation nor lack of designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," nor agreement to treat documents produced under those designations pursuant to this Agreement, constitutes any admission or acknowledgement that any such documents or information do or do not constitute trade secrets or proprietary information, or do or do not enjoy any other legal status, or is inadmissible for any such purpose.

**E.** This Order is intended to be and is a Qualified Protective Order within the meaning of 45 C.F.R. § 164.512.

**F.** The parties acknowledge that the Court retains discretion as to whether, in Orders

and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

IT IS SO ORDERED, this 11th day of September, 2026.

Hon. Edgardo Ramos
United States District Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE as Mother of MINOR DOE, HANNAH LANDERER, and STEVEN MARKS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARELON BEHAVIORAL HEALTH, INC.,<br><br>Defendant. | Case No. 25-cv-3489<br><br>NON-DISCLOSURE AGREEMENT |

I,__________________________ , acknowledge that I have read and understand the Stipulated Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only ("Designated Material"). I agree that I will not disclose such Designated Material to any other person; that I will not use such Designated Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all Designated Material to the party or attorney from whom I received it, or, upon permission of the Producing Party, destroy such Designated Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ____________________________ ______________________________________